IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **ARMANDO M. GARCIA** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | Civil Action No. 2:15-CV-0070-AM-CW |
| **UVALDE COUNTY, TEXAS**, § | |
| § | |
| Defendants. § | |
| § | |

## DEFENDANT UVALDE COUNTY'S
## BRIEF IN SUPPORT OF MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE IVAN L.R. LEMELLE:

**NOW COMES** Defendant **UVALDE COUNTY** and pursuant to this Court's November 21, 2017 Order (Dkt 58) and would respectfully show unto the Court the following:

**I.**

The case at bar concerns the termination of Plaintiff Armando Garcia from the Uvalde County Sheriff's Department for requesting fellow deputy, (Felix Mendoza) to lie to Sheriff Mendeke concerning Armando Garcia's surreptitious tape recording of Sheriff Mendeke. Sheriff Mendeke lost trust in Armando Garcia and terminated him as an at-will employee from Uvalde County Sheriff's Department.

Plaintiff Garcia has filed claims under 42 U.S.C. §1983 under the First Amendment and Texas Whistleblower Act alleging that two reports he authored to the District Attorney concerning fellow officer (Max Dorflinger) were the reason for his termination. Both reports concern the arrest of a Thomas Howard on February 18, 2015 and concern the mishandling of evidence.

**II.**

Defendant **UVALDE COUNTY's** Motion in Limine No. 2 concerns Plaintiff Garcia's unsubstantiated allegations of August 22, 2014 that an unnamed confidential informant informed Garcia that Deputy Max Dorflinger did drugs with gang members. These allegations are totally unsubstantiated and there are no written reports from anyone detailing said malicious rumor. Plaintiff and Plaintiff's witnesses should be precluded from mentioning these unsubstantiated rumors under Rule 403, FEDERAL RULES OF EVIDENCE. *Marks v. Smith*, 2017 W.L. 2258640 (E.D. La.) (May 19, 2017).

**III.**

Defendant **UVALDE COUNTY** moves to exclude any mention that Deputy Dorflinger had an expunction concerning a previous arrest. An expunction in Texas is governed by Article 55.01 of the Code of Criminal Procedure. An Expunction can only be granted when charges were dismissed because of mistake, false information or similar reason indicating an absence of probable cause. *Texas Department of Public Safety v. Woods*, 68 S.W.3d 179, 182 (Tex. App. – Houston [1st Dist.] 2002, no pet. Defendant **UVALDE COUNTY** asserts unto the Court that since Dorflinger's arrest was expunged that Plaintiff or Plaintiff's witnesses should be excluded from mentioning said fact. *See, Texas Code of Criminal Procedure*, Art. 55.03 (Effect of Expunction).

Defendant **UVALDE COUNTY** moves that the said evidence of expungement concerning Deputy Dorflinger be excluded as inadmissible under the TEXAS CODE OF CRIMINAL PROCEDURE as well as the FEDERAL RULES OF EVIDENCE, Rule 403, as a matter of law.

*Marks v. Smith*, 2017 W.L. 2258640 (E.D. La.) (May 19, 2017).

        Respectfully submitted,

        LAW OFFICES OF CHARLES S. FRIGERIO
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 840
        San Antonio, Texas 78205
        (210) 271-7877
        (210) 271-0602 Telefax

        BY:   /s/ Charles S. Frigerio
            CHARLES S. FRIGERIO
            SBN:  07477500

            HECTOR X. SAENZ
            SBN:  17514850
        ATTORNEYS FOR DEFENDANTS
        **UVALDE COUNTY**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of December, 2017, I electronically filed the foregoing Defendants **UVALDE COUNTY** Brief In Support of Its Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing via email and have forwarded same documents via certified mail, return receipt requested to the following:

Mr. Robert J. Wiley
Mr. Colin Walsh
LAW OFFICES OF ROB WILEY, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, Texas 78701

        /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO